UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| PHILLIP YODER,<br><br>       Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>       Respondent. | Case No. 3:22-CV-297 JD |

**OPINION AND ORDER**

Phillip Yoder is an inmate at the Terre Haute Federal Correctional Institution ("FCI Terre Haute"). He filed a petition for a writ under 28 U.S.C. § 2241, naming the United States of America as the Respondent. The Government is opposing the petition and has asked that it be dismissed because Mr. Yoder has named the wrong respondent and filed this case in the wrong district. The Court agrees and will grant the Government's motion to dismiss.

In his habeas corpus petition, Mr. Yoder claims that he applied with the Bureau of Prisons ("BOP") under the CARES Act, Pub. L. No. 116-136, 134 Stat. 281 (2020), for early release from custody, which was approved by the FCI Terre Haute and the United States Probation Office. He states that he was even issued a Greyhound bus ticket and was supposed to have begun his home confinement on February 24, 2022. (DE 3 at 5.) However, after all of that, "the [G]overnment injected itself into the fray and, in spite of the BOP's sole authority of placement under 18 U.S.C. § 3621(b) the BOP was, perhaps, bullied into changing its position and rescinded its approval in violation of [his] due process." (DE 3 at 5.) Mr. Yoder demanded that the Government explain itself but it has ignored him. Likewise, the BOP has not provided him with an answer that he deems to be satisfactory. Instead, the BOP told Mr.

Yoder that it was authorized under the CARES Act "to solicit input from the United States Attorney" before placing him on prerelease home confinement. (*Id.* at 7.) The BOP told him to review "Program Statement 5050.50," which according to Mr. Yoder says nothing about requiring the Government's input for a release pursuant to the CARES Act. (*Id.*) At some point, the BOP issued a second response to Mr. Yoder's request for an explanation, stating that, before a person is released under the CARES Act, the BOP is required to receive input from the victims of the prisoner's offense. "The Assistant United States Attorney (AUSA) is a representative of those victims and as such, expressed concerns about [Mr. Yoder's] placement on home confinement[]." (*Id.* at 8.) Mr. Yoder believes that the Government has usurped the BOP's unfettered discretion over his placement. He is asking that the Court "order the BOP to enforce its original order that was based on its years of rehabilitating [Mr.] Yoder and place him on home confinement under the CARES Act . . . ." (*Id.* at 8.)

In response to Mr. Yoder's petition, the Government moved to dismiss it on the grounds that Mr. Yoder failed to name the proper respondent and because this Court has no jurisdiction over his case.

"The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'" *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (quoting 28 U.S.C. § 2242). "This custodian, moreover, is 'the person' with the ability to produce the prisoner's body before the habeas court." *Id*. In fact, "longstanding practice confirms that in habeas challenges to present physical confinement— 'core challenges'—the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." *Id.* at 435. The practical reason for this requirement is that a broader interpretation

of "custody" would include the Attorney General which in turn would result in the District of Columbia as the default forum for all habeas petitions in the country:

> Although the Attorney General is, in the end, responsible for the operation of federal penitentiaries and for the location of a prisoner's confinement, he is a single supervisory official with an office in Washington, D.C. An interpretation of "custody" that were to include the Attorney General within its sweep would make the District Court for the District of Columbia the default forum for the habeas petitions of every federal prisoner in the United States. To ensure a more even distribution among the federal districts, Congress has required that a habeas petition name the person in direct charge of the local penal institution.

*Kholyavskiy v. Achim*, 443 F.3d 946, 949 (7th Cir. 2006).

Here, the proper respondent, "the person who has custody over [the petitioner]," 28 U.S.C. § 2242, is not the United States of America, but the Warden of FCI Terre Haute. Yet, Mr. Yoder has unmistakably filed the petition against the United States of America, presumably, because he believes that the wrongdoer in this case is the United States Attorney's Office in South Bend. Indeed, he insists that naming the United States of America as the respondent is warranted because this case is unusual, given that the Government intervened when he was about to be transferred to home confinement. But regardless of whether Mr. Yoder's case is an ordinary one or not, the fact is that only the Warden of FCI Terre Haute has custody over him and only the Warden can continue detaining him or let him go. Therefore, the Court has no option but to dismiss without prejudice Mr. Yoder's petition. *See Kholyavskiy*, 443 F.3d at 954 ("Because Mr. Kholyavskiy did not name his immediate custodian in challenging his present physical confinement in Kenosha, we must affirm the dismissal of his petition for habeas corpus.").

If Mr. Yoder decides to refile his petition, he must be mindful that the Northern District of Indiana is an improper venue for his case because he is not housed in this district. "District courts are limited to granting habeas relief 'within their respective jurisdictions.'"

3

*Padilla*, 542 U.S. at 442 (quoting 28 U.S.C. § 2241(a)). The Supreme Court of the United States has interpreted this language "to require 'nothing more than that the court issuing the writ have jurisdiction over the custodian.'" *Id*. (quoting *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 495 (1973). "Congress added the limiting clause—'within their respective jurisdictions'—to the habeas statute in 1867 to avert the inconvenient [and] potentially embarrassing possibility that every judge anywhere [could] issue the Great Writ on behalf of applicants far distantly removed from the courts whereon they sat. Accordingly, with respect to habeas petitions designed to relieve an individual from oppressive confinement, the traditional rule has always been that the Great Writ is issuable only in the district of confinement. *Id.* (quotation marks and citations omitted); *see also Moore v. Olson*, 368 F.3d 757, 758 (7th Cir. 2004) (". . . the litigation [under 28 U.S.C. § 2241] must occur in the district of the prisoners custody."). Accordingly, only the court in the district where Mr. Yoder is held may exercise jurisdiction over his petition.

For these reasons, the Court GRANTS the Government's motion to dismiss (DE 8) and DISMISSES WITHOUT PREJUDICE Mr. Yoder's petition under 28 U.S.C. § 2241.

SO ORDERED.

ENTERED: March 7, 2023

                                              /s/ JON E. DEGUILIO  
                                              Chief Judge  
                                              United States District Court